[No. 28497. Department One. November 21, 1941.]

SIGNAL OIL COMPANY, *Appellant,* v. REPUBLIC INVESTMENT COMPANY, *Respondent.*[1]

*Fairbrook & Williams,* for appellant.

*Rigg, Brown & Halverson* and *Paul M. Goode,* for respondent.

MAIN, J.—This action was brought to enforce specific performance of an option which was inserted in a

[1]Reported in 118 P. (2d) 957.

lease of real property. The cause was tried to the court without a jury, and resulted in a judgment dismissing the action, from which the plaintiff appealed.

June 5, 1935, the respondent, the Republic Investment Company, being then the owner of certain real property in the city of Yakima, leased the same to the General Oil Stations, Inc., a corporation, for a period of three years commencing on July 1, 1935, and ending June 30, 1938. This lease contained a provision for an extension of three additional years at the option of the lessee, which option was exercised. January 31, 1939, the lessee assigned the lease to the Signal Oil Company. The lease provided that the lessee could erect all structures deemed by it necessary for the purpose of conducting thereon an automobile service station.

About the first of June, 1940, two representatives of the Signal Oil Company, the appellant, called upon the president of the respondent corporation to discuss the matter of extending the lease for an additional term beyond the previously extended period. The president of the respondent informed them that the corporation was liquidating some of its assets and did not care to extend the lease. The lease contained a provision that the lessee, in the event that the respondent determined to sell the property, should have the first right to purchase. The paragraph in which this provision is made contained other provisions which will be subsequently noticed herein.

From the first of June, 1940, until late in that year, different conversations took place between representatives of the appellant and the president of the respondent, which we do not deem it necessary to set out.

December 23, 1940, the respondent, through its president, notified the appellant that it had sold the property, and requested that possession be surrendered June 30, 1941, which was the end of the extended

period. There was a provision in the lease that, if the respondent determined to sell, it would give the lessee written notice thereof. The appellant construed this letter, just referred to, as a notice in writing of the respondent's election to sell. January 21, 1941, the appellant, by letter, notified the respondent that it elected to purchase, and that it had placed twelve thousand dollars in escrow, which was the sum that was under discussion when the parties first met about the first of June, above referred to. Thereafter, the present action was brought, for the purpose above stated.

There is one paragraph in the lease which will be given special consideration, because it is of primary importance, and there are two other paragraphs which are only relevant incidentally. It is in paragraph 20 that the extension provision is contained. Paragraph 21 reads as follows:

"Lessor reserves the right to sell said premises during the second three years or the extended three years provided for in section 20, and should the lessor during said term determine to sell the same, it agrees to give to the lessee the first right and option to purchase said premises at the same price at which the lessor is willing to sell to any third person. Provided that said Lessee shall exercise its right to buy within 30 days after being notified in writing as herein provided by the Lessor of its intention to sell, and in the event said Lessee fails to exercise said right to buy within said thirty day period said Lessor may sell said premises to such third person and said lease shall be thereupon terminated and the Lessor released from all its terms, covenants and conditions. But the Lessee will then have sixty days time to vacate, from date of sale."

Paragraph 22 is as follows:

"During the life of this lease, or any extension thereof, Lessor will not sell said premises to any person, firm or corporation dealing in petroleum products."

■ There is no question but that the respondent had a right, during the extended term of the lease, to sell the property to anyone, subject to the lease, except as provided in paragraph 22.

Paragraph 21 contains a number of specific provisions: (a) That the lessor reserves the right to sell the property during the second three years or the extended three-year period; (b) that, in the event that the lessor determines to sell, the lessee should have the first right and option to purchase; (c) that, in the event that the lessor determines to sell, the lessee would be given thirty days' notice in writing in order that it might exercise the option to purchase; (d) that, if the lessee did not exercise its right to purchase within thirty days after being notified in writing of the lessor's intention to sell to a third person, the lease should thereupon be terminated; and (e) that the lessee in that event should have sixty days' time from the date of the sale to vacate the premises.

As to whether the respondent had sold the property to a third party, to take effect after the expiration of the lease, and such sale had been consummated, there is some doubt. It will be assumed, however, that the sale had been consummated and possession was to be given by the respondent to the new purchaser after the expiration of the lease.

The appellant contends, in effect, that the respondent had no right, under paragraph 21, to sell the property to any person during the term of the lease, even though the purchaser was to take possession after the expiration of the lease. The respondent contends that paragraph 21 only had reference to a sale during the term of the lease which would involve the surrender of the premises on the part of the lessee. It seems clear to us that the intention of the parties was in accord

with the contention of the respondent. The appellant had no interest in a sale which would not disturb its possession during the term of the lease as extended, and it could not be in any way affected by such a sale.

Cases holding that, where an option has been inserted in the lease giving the lessee the right to purchase, but containing no provision with reference to the surrender of the premises during the term of the lease, the option is enforcible, have no application to the situation presented in this case.

The superior court correctly construed the lease as covering only a sale that would disturb the possession.

The judgment will be affirmed.

MILLARD, STEINERT, SIMPSON, and DRIVER, JJ., concur.